Bijan Amini (BA 3533)
Jonathan Bardavid (JB 0072)
STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
(212) 490-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In Re:                                              :
DOUGLAS PALERMO,
                                                    :    Case No. 05 B 25081 (ASH)

            Debtor                                  :
-------------------------------------------------------x
DAVID R. KITTAY, TRUSTEE
                                                    :
                                                         Adv. Pro. No. 08-8205 (ASH)
                                                    :
                        Plaintiff,                       Docket No. 08 CV 01136 (KMK)
                                                    :
       - against -

DANIEL MCLEAN, MCL COMPANIES
OF CHICAGO, AND SB HOUSING
ENHANCEMENT, LLC.
                                                    :
                        Defendants.
-------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT**

Plaintiff, David Kittay as Trustee, submits this memorandum of law in opposition to Daniel Mclean, MCL Companies of Chicago, and SB Housing Enhancement, LLC's ("Defendants") motion to withdraw the reference to the Bankruptcy Court. Defendants' motion should be denied because determining core matters in the District Court would be an inefficient allocation of judicial resources and is premature.

The Bankruptcy Court has a particular familiarity with the instant matter as Judge Hardin has already presided over a trial denying the debtor a discharge, the facts of which significantly overlap with the instant matter. Judge Hardin has also heard argument and denied defendants' motion to dismiss in this matter. Given Judge Hardin's particular familiarity with the instant matter he is in the best position to oversee all pre-trial issues that may arise in this matter. Further, the plaintiff had originally brought one adversary proceeding against the defendants as well as other defendants who were involved in related transactions. The plaintiff agreed to separate out his claims against the defendants into separate adversary proceedings, provided that discovery would be conducted jointly amongst the separate proceedings. Withdrawing the reference at this time would undermine this agreement and would be an inefficient use of judicial resources as it would require the plaintiff to seek discovery relief in numerous forums.

## STATEMENT OF FACTS

On October 14, 2005, Douglas Palermo (the "Debtor") filed a petition seeking relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On October 16, 2005, Eric Kurtzman was appointed Chapter 7 trustee of the Debtor's estate. Mr. Kurtzman subsequently passed away and, on January 23, 2006, David R. Kittay was appointed Chapter 7 successor Trustee.

On March 3, 2006, after the filing date, Doubet, LLC, one of the Debtor's creditors, commenced an adversary proceeding in the Debtor's bankruptcy case titled, <u>Doubet, LLC v. Douglas E Palermo</u>, Adv. Proc. No. 06-8285A (SDNY Bkrptcy), seeking that the Debtor should be denied a discharge under the Bankruptcy Code, 11 U.S.C. §§ 727(a)(2), (3) and (5). In a July 9, 2007 decision, issued after trial, Judge Hardin determined that the discharge should be denied

2

on all three grounds. See Exhibit A[1].

On October 12, 2007, the Trustee filed an adversary proceeding for turnover, conversion and fraudulent conveyance against the debtor, Daniel McLean, MCL Companies of Chicago, PMD Corporation, Brian Farley, Phillip Herlihy, Joseph Korff, John Livingston and SB Housing, LLC. See Kittay v. Palermo, et. al. Adv. Proc. No. 07-8310 (ASH), a copy of which, without exhibit, is annexed to the Bardavid Decl. as Exhibit B. As the fraudulent conveyances occurred via a series of related and overlapping real estate transactions the Trustee included all of the defendants in the Initial Adversary Proceeding. See Declaration of Jonathan Bardavid, dated March 7, 2008, ("Bardavid Decl.") at ¶¶4, 5.

On November 27, 2007 the parties, except for Joseph Korff and John Livingston, appeared for an initial conference before Judge Hardin. At the conference Judge Hardin indicated that he was concerned with having one adversary proceeding involving multiple defendants, some of whom may have not been involved in some of the fraudulent conveyances. Plaintiff, through counsel, maintained that the transactions in questions were related and that the facts sufficiently overlapped to warrant one adversary proceeding. See Bardavid Decl. at ¶6.

After a lengthy discussion with all parties who appeared in the action, Judge Hardin adjourned the conference until December 11, 2007, and ordered the parties to confer to discuss the issue of separating the Initial Adversary Proceeding, into separate adversary proceedings. The parties thereafter met and conferred about this issue. Although plaintiff maintains that it was appropriate to bring one adversary proceeding against all the defendants, in the interests of judicial economy, the plaintiff agreed to divide the Initial Adversary Proceeding into multiple adversary proceedings. See Bardavid Decl. at ¶7.

---

[1] Unless otherwise indicated references to exhibits are to those annexed to the Declaration of Jonathan Bardavid, dated March 7, 2008 ("Bardavid Decl."), submitted herewith.

By agreement of the parties, the Trustee agreed to amend the complaint in the Initial Adversary Proceeding and proceed solely against the debtor in that proceeding. The parties further agreed to the Trustee filing separate adversary proceedings against each defendant or group of related defendants, provided however, that discovery would be conducted jointly for the related adversary proceedings. On December 11, 2007, a conference was held before Judge Hardin, on the initial adversary proceeding. The parties set forth, and the court accepted, their agreement, concerning how to separate the initial adversary proceeding. See Bardavid Decl. at ¶8.

On January 7, 2008, the plaintiff filed the instant adversary proceeding. On January 9, 2008, plaintiff filed an amended complaint. The amended complaint seeks to recover for conversion, fraudulent conveyance and the turnover of property of the estate pursuant to Sections 542(a) and (e) of the Bankruptcy Code and Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure. See Amended Complaint, a copy of which is annexed to the Bardavid Decl. as Exhibit C.

## ARGUMENT

### I. THE MOTION TO WITHDRAW THE REFERENCE SHOULD BE DENIED

A party can move to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), which provides:

> The district court *may withdraw*, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). Here, Defendants do not contend that withdrawal of the reference is mandatory under the second sentence of section 157(d). (Def.'s Mem. of Law at 3).

Rather, Defendants contend that there is "cause" for permissive withdrawal under the first sentence of the statute. (Id.).

In <u>Orion Pictures Corp. v. Showtime Networks</u>, 4 F.3d 1095 (2d Cir. 1993), the Second Circuit devised an analytical framework to determine whether there is "cause" to withdraw a case from bankruptcy court. First, the district court should assess whether the claim is "core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." (Id. at 1101). While bankruptcy judges may "hear and determine" all core proceedings arising under Chapter 7, in non-core proceedings they are only empowered to hear and submit proposed findings of fact and conclusions of law to the district court for *de novo* review. 28 U.S.C. §§ 157(b)(1), (c)(1). Here, Plaintiff's fraudulent conveyance and turnover claims falls within the statutory list of core proceedings. See 28 U.S.C. § 157(b)(2)(E) and (H).

After the core/non-core determination is made, the district court should consider judicial economy, delay and cost to the parties, uniformity of bankruptcy administration, prevention of forum shopping, and other related factors to decide if permissive withdrawal is appropriate. <u>Orion Pictures</u>, 4 F.3d at 1101. The presence of a jury demand is one such related factor. Id. (noting that various district courts have considered the existence of a jury demand when determining if "cause" is present).

**A.    <u>Defendant's Right to a Jury Trial Does Not Constitute "Cause"</u>**

As Defendants correctly note, in <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), the Supreme Court held that litigants are entitled to jury trials in core proceedings. While <u>Granfinanciera</u> did not resolve whether a bankruptcy court could hold jury trials in core proceedings that are legal in nature, id. at 50, the subsequent amendment of 28 U.S.C. § 157(e) in 1994 authorized a jury trial in bankruptcy court only where all parties expressly consented

5

thereto. 28 U.S.C. § 157(e). In the instant case, Plaintiff does not contend that the Bankruptcy Court can hold a jury trial in light of Defendants' withholding of consent. Instead, Plaintiff submits that the Bankruptcy Court should manage the proceedings until the case is trial ready.

In its memorandum of law, Defendants state that it demanded a jury trial in its answer and that it does not consent to have the Bankruptcy Court preside over the same. (Def.'s Mem. of Law at 4.) The fact that the Defendants requested a jury trial does not automatically warrant withdrawal. See Enron Corp. v. Belo Co., 317 B.R. 232 (S.D.N.Y. 2004). In Enron, the debtor initiated an adversary proceeding seeking recovery of certain preferential or fraudulent transfers made to Belo Co. ("Belo"). Id. at 233. Belo moved to withdraw the reference on the grounds that it had a right to a jury trial, had not filed a proof of claim, and would not consent to a jury trial held by the Bankruptcy Court. Id. at 234. Emphasizing the efficient use of judicial resources, the Court denied the motion and noted that "a jury demand by itself does not constitute 'cause' for permissive withdrawal of the reference." Id. (citing Bianco v. Hoehn, 173 B.R. 302, 307 (S.D.N.Y. 1994); Hassett v. BancOhio Nat'l Bank, 172 B.R. 748, 761-62 (S.D.N.Y. 1994); Kenai Corp. v. Nat'l Union Fire Ins. Co., 136 B.R. 59, 61 (S.D.N.Y. 1992)).

"'A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy of favoring judicial economy that underlies the statutory bankruptcy scheme.'" Id. at 234-35 (quoting Kenai Corp., 136 B.R. at 61). Thus, the fact that this Court may eventually conduct a jury trial does not constitute "cause" to withdraw the reference prior to the completion of all pre-trial proceedings. See Buchwald v. Renco Group, 04 Civ. 1357, 2004 WL 1161172 (S.D.N.Y. May 24, 2004).

6

B. **Judicial Economy Does Not Favor Withdrawing the Reference**

Defendants argue that "because defendants have moved for withdrawal of reference early in the proceeding before the bankruptcy court has invested any substantial time on the case, interests of efficiency and uniformity of bankruptcy administration will be served by an immediate withdrawal of the reference, rather than waiting for trial." (Def.'s Mem. of Law at 4). Initially, it is noted that district judges regularly refer pre-trial matters to magistrate judges and there is no issue regarding uniformity once the case is ready for trial.

Furthermore, contrary to Defendants' position, this Court has routinely found that judicial economy and uniform administration of the debtor's bankruptcy are promoted by permitting the Bankruptcy Court to manage cases until trial. Enron, 317 B.R. at 235 ("The Bankruptcy Court's unique familiarity with the facts and law related to Enron's bankruptcy will allow it to resolve this dispute more efficiently than would a court completely new to the case."); Buchwald, 2004 WL 1161172, at *2 ("Here, the bankruptcy judge can bring to bear his considerable expertise on the fraudulent conveyance and transfer issues and the preference issues."); Gucci by Armstrong v. Gucci, 96 Civ. 8216, 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997)("the interests of judicial economy will well be served by having this case before [the Bankruptcy] Court that already has such extensive knowledge of the complex underlying transactions and occurrences")(internal quotation omitted, alteration in original); Hunnicutt Co. v. TJX Cos., 190 B.R. 157 (S.D.N.Y. 1995)(finding greater efficiency in allowing the matter to remain with the bankruptcy judge until it is trial ready).

Of course, the Bankruptcy Court has considerable expertise on the law pertaining to the avoidance of fraudulent conveyances such as those made by Debtor to Defendants, and is best equipped to oversee discovery and other pretrial matters. More important is the fact that Judge

7

Hardin has a significant familiarity with the facts and issues raised in the instant action. Judge Hardin already presided over an adversary proceeding brought against the Debtor (the"Palermo Action.") In the Palermo Action Judge Hardin proceeded over a trial and published a decision in this matter. See Exhibit A. Further, on March 5, 2008, Judge Hardin heard oral argument on defendants' motion to dismiss in the instant matter and denied that motion.

Moreover, there are currently a number of adversary proceedings pending in before Judge Hardin related to this adversary proceeding. Plaintiff initially brought one adversary proceeding against multiple defendants to recover for related fraudulent conveyances. The defendants in this action, as with the defendants in the other action objected to one single adversary proceeding. Plaintiff agreed with all defendants to separate the actions into separate adversary proceedings <u>under the express provision that discovery would be conducted jointly for the related adversary proceedings</u>. See Bardavid Decl. at ¶¶4-8. Withdrawing the reference would undermine this agreement and would require the plaintiff to seek discovery relief in multiple forums. This could easily result in inconsistent discovery rulings. Further, this is an inefficient use of the Court's resources and would be very unwieldy for the Court and the parties. Clearly, judicial economy favors that the instant adversary proceeding remain before the Bankruptcy Court until it is ripe for trial.

### C.  Defendant Will Not be Prejudiced if the Reference is Withdrawn Immediately Before Trial

Defendant has not identified any cognizable benefit to withdrawing the reference now as opposed to immediately before trial. The fact that the Bankruptcy Court has ordered that the case be ready for trial by April 30, 2008, is not prejudicial. The parties have been conducting, and will continue to conduct discovery in this matter, such that all discovery should be completed by the April 30th cutoff. It is well settled that "the court must employ [withdrawal]

8

judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." <u>Kenai Corp. v. Nat'l Union Fire Ins. Co.</u>, 136 B.R. 59, 61 (S.D.N.Y. 1992). It appears that the instant motion is nothing more than an attempt to avoid, what defendants perceive is a difficult discovery schedule.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to withdraw the reference to the Bankruptcy Court should be denied.

Dated: New York, New York
       March 7, 2008

                                    STORCH AMINI & MUNVES PC

                                    By: /s/
                                        Bijan Amini (BA 3533)
                                        Jonathan Bardavid (JB 0072)
                                        Two Grand Central Tower, 25th Floor
                                        140 East 45th Street
                                        New York, NY 10017
                                        (212) 490-4100
                                        *Attorneys for Plaintiff*