IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DOUGLAS E. PALERMO,<br><br>Debtor.<br><br>DAVID R. KITTAY, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MCLEAN, MCL COMPANIES OF CHICAGO, INC., and SB HOUSING ENHANCEMENT, LLC,<br><br>Defendants. | Case No. 05-25081 (ASH)<br><br>Adversary Proceeding No. 08-08205 (ASH)<br><br>Docket No. 08 CV 01136 (KMK) |

### DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE FROM THE BANKRUPTCY COURT

Defendants Daniel E. McLean, MCL Companies of Chicago, Inc., and South Boston Enhancement, LLC respectfully submit this reply memorandum in support of their motion to withdraw the reference of this Adversary Proceeding from the Bankruptcy Court for the Southern District of New York.

### ARGUMENT

Plaintiff's sole argument in opposing Defendants' motion is that this Court, for purported reasons of economy and efficiency, should decline to do today what Plaintiff concedes it will be required to do six weeks hence. Plaintiff agrees that the Defendants are entitled to a jury trial before this District Court and that the reference to bankruptcy court must therefore, before trial, be withdrawn. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to

Withdraw the Reference to the Bankruptcy Court ("Plaintiff's Mem.") at 6. Plaintiff's position that this Court should nevertheless deny Defendants' motion as premature, forcing the Defendants to file a new motion to withdraw when the case is ready for trial in just a few weeks, makes no sense.

Under the bankruptcy court's scheduling order, the parties must file their joint pre-trial order and any trial briefs by April 17, 2008 – just one month from today – and must appear for a final pre-trial conference two weeks later, on April 30, 2008. *See* Declaration of Jeanne Cho ("Cho Dec.") ¶ 2 and Ex. A (Bankruptcy Court scheduling order). Given this schedule, Defendants would have needed already to have filed a new motion to withdraw the reference to ensure that it is briefed and decided before they are required to proceed to trial. Defendants would also likely need to seek a stay of the trial proceedings in bankruptcy court to ensure that they are not required to proceed with such trial before this Court has decided their new motion to withdraw the reference. Plaintiff's boilerplate incantations of "efficiency" and "judicial economy" aside, he has provided no basis for requiring the parties, the bankruptcy court and this Court to engage in these unnecessary machinations rather than move the case to the District Court now.

Contrary to Plaintiff's argument, there are no efficiencies or economies to be gained by delaying withdrawal of the reference. Although Plaintiff emphasizes generally the bankruptcy court's familiarity with the issues in this case, there is no reason to assume that any further pre-trial involvement by the court will be necessary. The parties have cooperated thus far in discovery, and there have been no discovery disputes that have required the bankruptcy court's attention. Cho Dec. ¶ 4. The discovery cut-off under the bankruptcy court's schedule is April 17, 2008, leaving little further time for such disputes. Cho Dec. ¶ 2 and Ex. A. Indeed,

efficiency will be best served by immediate withdrawal of the reference, since the parties and the District Court can then discuss trial dates now, rather than several weeks from now. *See Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838 (Bankr. C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.").

Although Plaintiff cites several cases in which the district court denied a motion to withdraw the reference as premature (*see* Plaintiff's Mem. at 6-7), in none of such cases were the parties only a few weeks away from being trial ready. *See, e.g., Hunnicutt Co., Inc. v. TJX Cos., Inc. (In re Ames Dep't Stores)*, 190 B.R. 157, 163 (S.D.N.Y. 1995) (substantial discovery remained and further discovery disputes were contemplated); *Enron Corp. v. The Belo Co. (In re Enron Corp.)*, 317 B.R. 232 (S.D.N.Y. 2004) ("case is still in the early stages and because of the large number of defendants and unresolved pretrial matters, one can only speculate when it will proceed to trial, if at all"); *Hassett v. Bancohio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748, 764 (S.D.N.Y. 1994) ("adversary proceeding has not yet progressed beyond the initial stages of litigation"). This Court should reject Plaintiff's impractical suggestion that any efficiency will be gained by denying Defendants' motion to withdraw as premature.

## CONCLUSION

For the foregoing reasons, Defendants move that the reference be withdrawn as to this Adversary Proceeding immediately and in its entirety to the District Court, and that the District Court grant such other and further relief as it deems just and proper.

| Dated: March 17, 2008 | **SCHIFF HARDIN LLP**<br><br>By: _____<br>Carl W. Oberdier (CO-4150)<br>Jeanne Cho (JC-4631)<br>Attorneys for Defendants<br>900 Third Avenue, 23rd Floor<br>New York, NY 10022<br>(212) 753-5000<br>(212) 753-5044 (facsimile) |
|---|---|
|  | Of Counsel:<br><br>**SCHIFF HARDIN LLP**<br>6600 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606-6473<br>(312) 258-5500<br>(312) 258-5600 (facsimile)<br>Eugene J. Geekie, Jr. |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DOUGLAS E. PALERMO,<br><br>Debtor.<br>_____<br><br>DAVID R. KITTAY, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MCLEAN, MCL COMPANIES OF CHICAGO, INC., and SB HOUSING ENHANCEMENT, LLC,<br><br>Defendants. | Case No. 05-25081 (ASH)<br><br>Adversary Proceeding No. 08-08205 (ASH)<br><br>Docket No. 08 CV 01136 (KMK)<br><br><br><br><br><br><br>**DECLARATION OF JEANNE CHO** |

I, JEANNE CHO, declare, pursuant to 28 U.S.C. § 1746, and subject to the penalties of perjury, that the following is true and correct:

1. I am associated with the law firm of Schiff Hardin LLP, attorneys for the Defendants in this adversary proceeding. I submit this declaration in support of Defendants' motion to withdraw the reference from bankruptcy court.

2. Attached as Exhibit A is a true and correct copy of the scheduling order entered by Judge Hardin in the above-captioned adversary proceeding. According to this order, all discovery is to be completed by April 17, 2008. The parties are also required to file a joint pre-trial order and any trial briefs by April 17, 2008, and to be ready for trial within a week of the final pre-trial conference on April 30, 2008.

3.      The parties have already engaged in substantial discovery. Extensive document and deposition discovery on each of the transactions at issue in this proceeding was already taken by the Debtor's principal creditor in a previous adversary proceeding, and the parties herein have access to such discovery. Moreover, the Defendants have already produced documents to the Plaintiff in this proceeding.

4.      The parties have thus far been cooperative in discovery, and no disputes have yet arisen that have required involvement by the court.

Dated:      New York, New York
            March 17, 2008

                                                _____
                                                JEANNE CHO (JC-4631)

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                              :    Chapter 7
DOUGLAS E. PALERMO,                                 :
                                                    :    Case No. 05 25081 (ASH)
                            Debtor.                 :
------------------------------------------------------------- -x
                                                    :
DAVID R. KITTAY, TRUSTEE,                           :    Adv. Pro. No. 08-8205 (ASH)
                                                    :
                    Plaintiff,                      :
                                                    :
        - against -                                 :    **SCHEDULING ORDER**
                                                    :
                                                    :
DANIEL MCLEAN, MCL COMPANIES OF                     :
CHICAGO, SB HOUSING ENHANCEMENT, LLC,               :
                                                    :
                    Defendants.                     :
------------------------------------------------------------- x

   **WARNING**: This is an Order of the Court. The parties cannot amend this Order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of compelling cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. **FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OR OTHER SANCTION.** If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring the matter to the Court for relief.

   It is hereby ORDERED as follows:

   1. Defendants to answer or move by January 25, 2008.

   2. The conference scheduled for February 19, 2008 is adjourned until the final pre-trial conference of April 30, 2008.

3. All discovery proceedings shall be completed by April 17, 2008.

4. On or before April 17, 2008, the parties shall file a Joint Pretrial Order in the form prescribed by this Court and shall serve and file trial briefs, if any. [**TAKE NOTICE:** The burden is on the plaintiff or proponent to file a Pretrial Order, with or without the opponent's cooperation. Failure of either party to include witnesses or documents in the Pretrial Order may preclude that party from offering the omitted evidence at the trial.]

5. A final pretrial conference shall be held at 9:40 A.M. on April 30, 2008 at which time the parties must be prepared to proceed to trial within one week.

6. Plaintiff's [proponent's] attorney shall serve copies of this Scheduling Order on all parties to this adversary proceeding [contested matter] and upon any other parties entitled to notice within five days after the date hereof.

Dated: White Plains, New York
       January 17, 2008

/s/ Adlai S. Hardin, Jr.
Hon. Adlai S. Hardin, Jr.
U.S.B.J.

2